

**FILED**

**MAY 18, 2009**

KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 2:07-CV-261 |
| | § | |
| DENNIS RAY BILLS | § | |

## REPORT AND RECOMMENDATION TO DENY
## DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Came for consideration defendant DENNIS RAY BILLS Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. For the reasons expressed, the undersigned Magistrate Judge is of the opinion defendant is not entitled to relief and recommends the motion to vacate, set aside or correct sentence be denied.

## I.
## FACTS AND PROCEDURAL HISTORY

In February 2001, defendant was found guilty of conspiracy, in violation of 18 U.S.C. section 371, and sentenced to twenty-four month's incarceration, to be followed by three years of supervised release. Supervised release commenced December 8, 2003. Defendant failed to meet several of the conditions of his supervised release, including engaging in two physical altercations with family members. On October 18, 2006, upon the request of defendant's probation officer, the District Court ordered a modification of the conditions of the supervised release to include, among others, the following requirement: "The defendant shall participate in the Batterer's Intervention Program . . . for the period of time he remains under supervision. The defendant shall begin the program

immediately and continue participation on a weekly basis until discharged."

The Batterer's Intervention Program (BIP) requires two intake sessions.  In November 2006, defendant completed the first interview.  He did not, however, complete the second session until January 2007.  After the second session, the BIP counselor decided to not accept defendant into the program.   According to defendant's probation officer, who testified at the hearing on the government's motion to revoke supervised release, the BIP counselor gave two main reasons for not accepting defendant: (1) defendant was a sex offender and there was a day-care center near the BIP offices and (2) defendant told the BIP counselor that he did not intend to complete the program. According to the probation officer, BIP could have worked with defendant concerning his classification as a sex offender because BIP offered a night program.

Regarding the defendant's willingness to participate in BIP, the BIP program is twenty-four weeks long.  At the time he was ordered to enter into BIP, defendant had several months of supervised release remaining.  By the time he completed the second intake session, however, defendant only had six weeks of supervised release remaining.  Defendant told the BIP counselor that, with only six weeks of supervised release time remaining, he did not plan on completing the twenty-four week program.  Defendant asserts in his habeas petition to this Court that he had timely scheduled a second intake session, but BIP cancelled the appointment due to a personnel change.

At the conclusion of the hearing on the motion to revoke, the District Court determined defendant had violated the terms and conditions of his supervised release and sentenced him to eleven month's incarceration, to be followed by twenty-five months of supervised release. Following this judgment, and while on the supervised release mandated by it, defendant filed the instant motion to vacate under 28 U.S.C. § 2255.

## II.
## DEFENDANT'S ALLEGATIONS - INEFFECTIVE ASSISTANCE OF COUNSEL

In his motion and accompanying memorandum, defendant raises the following grounds in support of his contention that his conviction and sentence were imposed in violation of the Constitution or laws of the United States:

1. Defendant was denied effective assistance of counsel because his counsel never interviewed witnesses who could have testified it was BIP, not the defendant, who cancelled the second intake session, and BIP had limited evening appointments.

2. Defendant was denied effective assistance of counsel because his counsel's strategy was not in direct rebuttal to the government's allegations.

In order to obtain habeas corpus relief on grounds of ineffective assistance of counsel, a petitioner must demonstrate not only that his counsel's performance was deficient, but also that the deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). To demonstrate deficiency, the petitioner must show counsel's actions "fell below an objective standard of reasonableness." *Id.* at 668, 104 S.Ct. at 2064. However, as petitioner correctly noted in his petition to this Court, a strong presumption exists "that trial counsel rendered adequate assistance and that the challenged conduct was reasoned trial strategy." *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992) (citing *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066).

To demonstrate prejudice, a petitioner must show a "reasonable probability" exists that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. A petitioner must additionally demonstrate that the trial counsel's deficient performance rendered the trial fundamentally unfair. *See Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S. Ct. 838, 844, 122 L.Ed.2d 180 (1993). "Unreliability or

unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Id.*, 113 S. Ct. at 844. A showing of significant prejudice is required. *Spriggs v. Collins*, 993 F.2d 85, 88 n. 4 (5th Cir. 1993). If a petitioner fails to show either the deficiency or prejudice prong of the *Strickland* test, then the Court need not consider the other prong. *Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069.

### A. Failure to Interview Witnesses

Defendant first contends he received ineffective assistance of counsel because his attorney failed to call or interview witnesses who could testify who it was that actually cancelled the second BIP session. As discussed above, there were two reasons why defendant was not accepted into BIP—his sex-offender status and his admitted refusal to complete the program after termination of his mandatory supervision. Testimony at the revocation hearing revealed BIP was willing to accommodate defendant so he could attend the program despite his sex-offender classification. Furthermore, had defendant completed the interview at an earlier time, he would have been in the program for a longer time period. According to the District Court in its Revocation Order, "Neither of these facts would have kept [defendant] from being placed in the program if he would have completed the assessment timely."

Defendant contends the BIP counselor cancelled the second appointment, and therefore caused the *two-month* delay between the two intake sessions. Defendant fails, however, to present to this Court an affidavit or other documentation from anyone who supports his position. This Court will not grant habeas relief on the unsupported assertions of the defendant. *See Ross v. Estelle*, 694 F.2d 1008, 1011(5th Cir. 1983).

Furthermore, testimony at revocation hearing established that, regardless of when the second intake session occurred and regardless of who cancelled the second session, the reason defendant did not meet the conditions of supervised release was because he stated he did not need to be included in the program and had no intention of participating in the program through its completion. Therefore, even assuming defendant's attorney's performance was deficient by his failure to call a witness who theoretically would have testified he or she cancelled the second intake session, defendant has not demonstrated prejudice. *See Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. In other words, even if such a witness exists and even if that witness would have given the exact testimony defendant asserts in his motion, it would not have changed the actual reason why defendant was not in BIP—he was not in BIP because of his attitude, not because of any failure to conduct the second intake session as originally scheduled. This claim is without merit.

### B. Poor Trial Strategy

In his second ground of ineffective assistance of counsel, defendant contends his attorney's defense strategy was irrelevant to the charges. According to the defendant, his attorney's strategy was to prove to the court the reason defendant was not accepted into BIP was because of his sex-offender status. This approach, defendant urges, was irrelevant to the violation because the basis for the revocation was defendant's failure to complete the interviews, not that he was ineligible to participate in the program.

The record of the hearing reflects defense counsel argued that BIP counselors told defendant's probation officer defendant could not gain admission into the program "regardless" because "it's one of [BIP's] policies and conditions that [defendant as a sex offender] is forbidden to participate in that program." (Record of Revocation Hearing at 13). Therefore, while the record

is not fully developed on this issue, it appears defense counsel was attempting to demonstrate BIP would not have accepted the defendant, even if he had completed the intake sessions in a timely fashion, because of his sex-offender classification.

The motion for revocation asserted, "*Had Bills completed the assessments timely*, he would have had eighteen weeks in the program before discharge." (*Id.* at 5) (emphasis added). If, as his attorney argued, there was no way defendant could gain admission into BIP because of his sex-offender status, then the government's assertion that defendant's failure to complete the assessments was the factor which prevented his admission into BIP would not be correct. It would be defendant's sex offender status, not his failure to take action, that caused BIP to not accept him. If the District Judge had accepted defense counsel's argument, then counsel would have grounds to urge denial of the motion for revocation. This is clearly trial strategy on behalf of defendant BILLS' attorney and does not constitute ineffective assistance, particularly when considered in light of the strong presumption "that trial counsel rendered adequate assistance and that the challenged conduct was reasoned trial strategy." *See Wilkerson*, 950 F.2d at 1065. Accordingly, this claim is without merit and should be denied.

## III.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge that the motion to vacate, set aside, or correct sentence by petitioner DENNIS RAY BILLS be DENIED.

## IV.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and

Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 18th day of May 2009.

_Clinton E Averitte_

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D).  When service is made by mail or electronic means, three (3) days are added after the prescribed period.  Fed. R. Civ. P. 6(e).  Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).